ST. LOUIS OIL ROYALTY TRUST, GEO. W. CALE, RALPH D. GRIFFIN, AND C. D. LUKENS, TRUSTEES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4410. Promulgated June 5, 1945.

*Stanley S. Waite, Esq.*, for the petitioner.
*Harlow B. King, Esq.*, for the respondent.

### OPINION.

OPPER, *Judge*: With the decision in *Morrissey* v. *Commissioner* [1] and its companion cases it has become settled that the powers conferred in the instrument creating an organization rather than some more limited actual conduct is determinative of whether the enterprise is an association taxable as a corporation, *Helvering* v. *Coleman-Gilbert Associates*,[2] and that the mere fact that the venture is small does not prevent that result, *Helvering* v. *Combs*.[3]

Petitioner concedes that as far as its form is concerned it possesses all of the resemblances to corporate organization that were found significant in the *Morrissey* case. We think the contention that it was not so constituted as to permit it to engage in the operation of a business is no longer tenable in the light of such cases as *Kettleman Hills Royalty Syndicate No. 1* v. *Commissioner*,[4] *Adkins Properties* v. *Commissioner*,[5] and *Commissioner* v. *Trust No. L. B. 791-A*.[6] We

[1] *Morrissey* v. *Commissioner*, 296 U. S. 344.
[2] 296 U. S. 369.
[3] 296 U. S. 365.
[4] (C. C. A., 9th Cir.), 116 Fed. (2d) 382; certiorari denied, 313 U. S. 582.
[5] (C. C. A., 5th Cir.), 143 Fed. (2d) 380.
[6] (C. C. A., 9th Cir.), — Fed. (2d) — (Apr. 30, 1945).

conclude that petitioner was organized in corporate form with powers to undertake the operation of a business, and hence that it is an association taxable as a corporation.

Reviewed by the Court.

*Decision will be entered for the respondent.*